**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NARVIEZ V. ALEXANDER, | No. 14-15660 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-00535-MMD-VPC |
| v. | |
| JAMES KEENER; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda Du, District Judge, Presiding

Submitted May 13, 2015[**]

Before:    LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

Nevada state prisoner Narviez V. Alexander appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his safety and due process violations.  We have jurisdiction under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291.  We review de novo, *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013), and we affirm.

The district court properly granted summary judgment on Alexander's deliberate indifference claim, because Alexander failed to raise a genuine dispute of material fact as to whether defendants knew of and disregarded an excessive risk to his safety.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate safety[.]").

The district court properly granted summary judgment on Alexander's due process claim regarding his placement in administrative segregation, because Alexander failed to raise a genuine dispute of material fact as to whether the defendants provided him timely notice of the charges against him.  *See Hewitt v. Helms*, 459 U.S. 460, 476 & n.8 (1983) (due process requirements for placement in administrative segregation), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

The district court properly granted summary judgment on Alexander's due process claim regarding his disciplinary hearing, because Alexander failed to raise a genuine dispute of material fact as to whether some evidence supported the disciplinary board's findings or whether he was able to call witnesses and present

14-15660

documentary evidence. *See Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985) (requirements of due process are satisfied if "some evidence" supports the disciplinary decision); *Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974) (setting forth due process requirements for prison disciplinary proceedings).

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Alexander's state law claims. *See Ove v. Gwinn*, 264 F.3d 817, 821, 826 (9th Cir. 2011) (setting forth standard of review and explaining that "[a] court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction" (citation and internal quotation marks omitted)).

We reject Alexander's contentions that the district court improperly weighed the evidence, decided disputed facts in favor of the moving party, and erroneously considered unsworn statements.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

All pending motions are denied.

**AFFIRMED.**